OCOLA KOHNLE and PHILLIP KOHNLE, Appel-
lants, v. JOHN G. PAXTON et al., Executors of
Estate of THOMAS H. SWOPE.

**Division Two, July 5, 1916.**

1. **CAUSES OF ACTION: Meaning: Survival.** The words
"causes of action" used in the statute (Sec. 5438, R. S. 1909)
declaring that "causes of action upon which suit has been or
may hereafter be brought by the injured party for personal
injuries" shall survive the death of either the injured party
or the party responsible for the injury, mean matters for
which actions may be brought, the right to bring suits, the
facts or combination of facts that give rise to rights of ac-
tion, the right to institute and prosecute proceedings, etc.;
and, therefore, it is not the suits or actions that survive, but
the causes or rights of action upon which such suits are
based.

2. ———: Survival: Limited to Suits Brought. *Held*, by WALKER,
J., as to which the other judges express no opinion, that, under
Sec. 5438, R. S. 1909, the right of survival of a cause of action
for personal injuries cannot be limited to cases in which ac-
tions were pending at the time of the death of the injured
party or the tortfeasor. The right of action having accrued,
the death of a party in interest before the institution of a
suit to enforce such right will not abate the action, or bar
the right to bring it. [Disapproving Showen v. Street Ry.,
164 Mo. App. l. c. 47.]

3. **LANDLORD: Duty to Repair: Agreement.** A landlord is not
bound to keep leased premises in repair in the absence of an
agreement so to do. Without such an agreement his liability
for defects in the residence is limited to misfeasance; he is
not liable for non-feasance.

4. ———: **Agreement to Repair: Personal Injuries to Tenant:
Liability in Tort.** For a breach of a covenant to repair leased
premises in possession of the tenant, the landlord cannot be-
held liable in tort for personal injuries received by the ten-
ant or a member of his family as a result of a defect in the
premises; the obligation to repair being a duty assumed by
the contract, its breach does not constitute a tort. And a
petition sounding in tort, but disclosing no active negligence
independent of a breach of the contract, does not state a
cause of action. [Disapproving Graff v. Brewing Co., 130 Mo.
App. l. c. 623 and 145 Mo. App. 364.]

5. ——: ——: ——: **Negligence Independent of Contract.**
A breach of the contract to repair resulting in personal injuries to the tenant may arise fron the negligence of the landlord, but that is not such technical negligence as will authorize a right of action in tort; an action for tort can only exist independent of the contract for injuries not proximately resulting from the breach and not therefore within the contemplation of the parties.

6. ——: ——: ——: ——: **Presumption of Knowledge: Tort not Pleaded.** Where the nature of the defect (a worn floor) in the leased premises is as easily discoverable by the tenant as the landlord, a petition charging presumption of knowledge from the landlord's owne·ship rather than actual knowledge, and containing no charge of fraud or deceit, does not charge a liability in tort on the landlord's part for personal injuries received by the tenant.

7. ——: ——: ——: ——: **Arising from Ownership.** Ownership does not create a presumption of knowledge by the landlord of a particular defect in the leased premises.

8. ——: ——: ——: ——: **Latent Defect.** A defect in the leased premises alleged to be latent, if easily discoverable by both landlord and tenant, is not ground or liability for personal injuries to the tenant arising therefrom.

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich,* Judge.

AFFIRMED.

*Deatherage & Creason* and *Ross J. Ream* for appellants.

(1) Plaintiffs had good causes of action against Swope for about a year before his death. Said causes of action survived to them against his personal representatives even though suits had not been filed against Swope during his lifetime. ·R. S. 1909, sec. 5438. (2) Where there is anything, not easily discoverable, on or about the premises rented, rendering such premises dangerous and the lessor has knowledge of such danger, it is his duty to notify the lessee; otherwise he is liable for an injury to the lessee or one of his family caused by such dangerous condition. Meyers

v. Russell, 124 Mo. App. 317; Minor v. Sharon, 112 Mass. 447; Hines v. Wilcox, 96 Tenn. 148; Martin v. Richards, 155 Mass. 381; Whitely v. McLaughlin, 183 Mo. 164; Moore v. Parker, 63 Kan. 52; Graff v. Brewing Co., 130 Mo. App. 623; Graff v. Brewing Co., 145 Mo. App. 366. (3) Where a landlord, through his agent, agrees with the tenant as a part of the contract of letting premises, that he will keep the premises in repair and represents that they are then in good repair, and they are not and he does not repair same and some member of the tenant's family is injured because of defects in the premises, and it is known by the agent at the time of letting, but unknown to the tenant, and because of its latent nature could not be ascertained by ordinary care on the part of the tenant, and especially where the agent of the landlord under such circumstances did not advise the tenant of such latent defect, then the landlord must answer in damages for injuries to such member of the tenant's family. Collins v. Fillingham, 129 Mo. App. 340; McGinley v. Trust Co., 168 Mo. 257; 18 Am. & Eng. Ency. Law (2 Ed.), 239-244. (4) Even where the action for personal injuries by a tenant or a member of his family against the landlord is for failure to make repairs agreed to by the landlord at the time of the letting and as a part of the rental contract, still the action is *ex delicto* and not *ex contractu*. Graff v. Brewing Co., 130 Mo. App. 623, 145 Mo. App. 366; Meyers v. Russell, 124 Mo. App. 328; Under v. O'Riley, 180 Mo. 655. (5) It is the duty of the landlord to notify the tenant of latent or hidden defects in the premises leased. Myers v. Russell, 124 Mo. App. 328; Wilcox v. Hines, 100 Tenn. 524; Whiteley v. McLaughlin, 183 Mo. 164; Moore v. Parker, 63 Kan. 52. (6) Although the top of the floor in question was worn and so appeared from a view by any person, still the plaintiffs were not guilty of con-

268 Mo.—30

tributory negligence such as to preclude a recovery
unless the danger was so apparent as to threaten
immediate injury to them while walking upon the
same, and it cannot be said as a matter of law from
the allegations of the petitions that the floor in question
disclosed any such immediate danger from a view of
the top of the floor only. Graff v. Brewing Co., 130
Mo. App. 627; Long v. Hill, 157 Mo. App. 688;
Collins v. Fillingham, 129 Mo. App. 345, 53 L. R. A.
778.

*Park & Brown* for respondents.

(1) These causes of action are abated. Causes
of action for personal injuries did not before 1907,
survive against executors and administrators of tort-
feasors. Stanley v. Bircher, 78 Mo. 245; Shippey
v. Kansas City, 254 Mo. 23. Causes of action which
survive to or against executors and administrators
are injuries to property rights. R. S. 1909, secs. 105,
106. Causes of action which have been sued upon for
personal injuries not resulting in death survive the
deaths of the injuried party and of the wrong doer.
R. S. 1909, sec. 5438; Laws 1907, p. 252. This sec-
tion "applies only to actions pending at the time of
the death." Showen v. Railroad, 164 Mo. App. 47.
"Section 5438 provides that if the injured party has
already commenced his suit and dies, pending the
same, from causes other than the injuries sued for,
then the suit survives." Green v. Railroad, 173 Mo.
App. 285. Plaintiffs must bring themselves strictly
within the statute. Coover v. Moore, 31 Mo. 576;
McNamara v. Slavens, 76 Mo. 331; Barker v. Rail-
road, 91 Mo. 91; Oates v. Railroad, 104 Mo. 518;
Packard v. Railroad, 181 Mo. 428. Statutes of this
character, being in derogation of common law, must
receive a reasonably strict interpretation. Clark v.
Railroad, 219 Mo. 538. (2) There never was a cause
of action. (a) The lessor of premises is under no

implied obligation to make repairs upon premises leased and can only be held liable in damages for his failure to make repairs, under an express agreement or a covenant contained in the contract of letting. Glenn v. Hill, 210 Mo. 296; Ward v. Fagin, 101 Mo. 669; Daily v. Vogl, 187 Mo. App. 263; Murphy v. Dee, 190 Mo. App. 83; Roberts v. Cottey, 100 Mo. App. 500; Grant v. Tomlinson, 138 Mo. App. 227; Finer v. Nichols, 158 Mo. App. 544; Korach v. Loeffel, 168 Mo. App. 414. The law does not imply a warranty that the premises are reasonably fit. Doyle v. Railroad Co., 147 U. S. 423; Howell v. Schneider, 24 App. Cas. D. C. 547. (b) The lessor owes no duty to the lessee to discover defects which are apparent to ordinary observation, in order that he may warn the lessee of possible dangers. Whitely v. McLaughlin, 183 Mo. 165; Howell v. Schneider, 24 App. Cas. D. C. 532; Bennett v. Sullivan, 100 Me. 122; Shinkle Co. v. Birney, 68 Ohio St. 328; Shackleford v. Coffin, 95 Me. 69; Phelan v. Fitzpatrick, 188 Mass. 237. (c) The landlord's breach of a contract to repair the demised premises, or to keep them in repair, by reason whereof the tenant is injured, does not furnish the basis for an action in tort by the tenant, but his remedy is an action for damages for the breach of the contract. Glenn v. Hill, 210 Mo. 299; Daily v. Vogl, 187 Mo. App. 261; Murphy v. Dee, 190 Mo. App. 84; Korach v. Loeffle, 168 Mo. App. 414; Dice v. Zweigart, 161 Ky. 646; Korach v. Loeffel, 168 Mo. App. 442; Hendry v. Squier, 126 Md. 19; Dorwin v. Potter, 5 Denio, 306; Leavitt v. Fletcher, 10 Allen, 119; Cook v. Soule, 56 N. Y. 420; Nagle v. Davies, 60 N. Y. Misc. 479, 113 N. Y. S. 834; 18 Am. & Eng. Ency. Law (2 Ed.), 234; Collins v. Karatopsky, 36 Ark. 316; Hamilton v. Feary, 8 Ind. App. 615, 52 Am. St. 485; Tuttle v. Gilbert Mfg. Co., 145 Mass. 169; Kabus v. Frost, 50 N. Y. Super. Ct. 74; Spellman v. Bannigan, 36 Hun, 174.

WALKER, J.—This opinion embraces two appeals arising from the same transaction. One is from a suit brought by a husband and the other by his wife against the executors of Thomas H. Swope, for injuries to the wife alleged to have been received by her on account of the defective condition of a building occupied at the time by plaintiffs as tenants of Thomas H. Swope, who died before the institution of these actions. Demurrers were sustained to the petitions filed therein and plaintiffs perfected separate appeals. The matter at issue, therefore, is the sufficiency of these pleadings. Barring particular references to the plaintiff in each case, the material allegations are the same, in substance, in both, and for convenience they will be considered together.

The petitions are substantially as follows:

After pleading the marital relation existing between the parties plaintiff, they allege that the husband, Phillip Kohnle, for a valuable consideration rented of Thomas H. Swope, through an agent named S. W. Spangler, a certain house, the property of said Swope, for residential purposes, located in Kansas City, Missouri; that at the time said agent, Spangler, represented the property was in good repair and safe condition for the purpose for which it was let, and agreed, as a part of the contract of rental, to keep the same in good repair during said term; that acting under and influenced by the representations of Spangler, as the agent of Swope, the plaintiff Phillip Kohnle entered upon the premises and took possession and occupied the house thereon as a residence and was so occupying same with his wife at the time she received the injuries hereinafter set forth; that the representations as to the condition of said house were false, and as a matter of fact the under side of the boards and stringers constituting the kitchen floor of said house were, before, at the time of and after said letting of the property to Phillip Kohnle, in a decayed,

rotten and dangerous condition; that said condition was latent, hidden and unknown to these plaintiffs, but was known to the said Thomas H. Swope and to his agent, Spangler, or could have been known to them by the exercise of such care as ordinarily prudent persons use under like or similar circumstances, and that said agent negligently failed to advise plaintiffs of the condition of said floor and negligently failed to put the same in repair; that Ocola Kohnle, one of the plaintiffs and the wife of said lessee, while in the use of said premises and in ignorance of the condition of said floor, stepped upon same and one of the boards of said floor broke causing her to fall through the hole made by said break, thereby producing severe injuries, detailed in the petition, for which plaintiffs seek damages; that said Thomas H. Swope died prior to the filing of these suits.

Other formal allegations, not necessary to be set out here, are contained in the petitions, the reasons urged in support of the general demurrers rendering it unnecessary.

I. Although not so expressly stated, it is evident from the contentions of the parties that Swope, the landlord, died during the plaintiffs' tenancy, after the cause of action accrued, but before these suits were brought. Upon the death of Swope as stated the contention is based that the rights of action abated. This contention seeks support in a construction of section 5438, Revised Statutes 1909, by which the survival of causes of action, upon the death of either party in the class of cases named, and the consequent right of their respective personal representatives to sue or defend, is sought to be so limited as to apply only to cases in which suits are pending at the time of the death of the party. For convenience of reference it is well to set forth said section in its own words, as follows:

*Statute Construed.*

Section 5438: "Causes of action upon which suit has been or may hereafter be brought by the injured party for personal injuries, other than those resulting in death, whether such injuries be to the health or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in case of the death of either or both such parties, such cause of action shall survive to the personal representative of such injured party, and against the person, receiver or corporation liable for such injuries and his legal representatives, and the liability and the measure of damages shall be the same as if such death or deaths had not occurred."

Our own court defines "causes of action" as employed in the above section to be matters for which actions may be brought. [Sperry v. Cook, 247 Mo. l. c. 139.] Elsewhere the words are defined as the right to bring suits (People v. Dodge, 104 Cal. l. c. 490); or the fact or combination of facts which give rise to rights of action (Bruil v. Relief Assn., 72 Wis. l. c. 433); or the right to institute and prosecute proceedings (Davis v. State ex rel., 119 Ind. l. c. 558). Notwithstanding the well understood meaning of the words, their explicit definition here is not inappropriate because when otherwise expressed than in the words used in the section it is as clearly disclosed, but not more so than in the statutory words, that it is not the suits or actions that are to survive upon the death of one or both of the parties, but the causes or rights of action upon which such suits are based. The right of survival was extended to suits brought under the section and pending at the time of its enactment as well as to causes of action upon which suits might thereafter be brought. This being true, the right of survival cannot be limited to cases in which actions were pending at the time of the death

of one or both of the parties. Such a meaning, under well recognized rules of construction, cannot be given unless words be interpolated or added to the text, which, in view of the unambiguous character of those employed, is not authorized. The obvious meaning of the words employed, therefore, is that when a cause of action accrues under this section, a contingent right to a survival to the personal representative of either party to prosecute or defend, springs into existence upon such accrual, but does not become operative except upon the death of one or both of the parties. The right to the action having accrued, the death of a party in interest before the institution of a suit to enforce such right will not, for the reasons stated, abate the action. It not only suffices but is an imperative rule that clear and comprehensive words demand no explanation to define their meaning; or, in other words, that which is clear cannot be made more clear. Sufficient, therefore, in itself, the section cannot, in our opinion, be reasonably construed other than as we have indicated. A contrary conclusion as to the application of the section (5438) was reached by the Kansas City Court of Appeals in Showen v. Street Ry., 164 Mo. App. 1. c. 47. This conclusion, while somewhat incidental to the material issues in that case, does not correctly state the law and is overruled.

II. The contention as to the insufficiency of the petition is alleged to further consist in the absence of an allegation therein that the landlord agreed to keep the leased premises in repair. The doc-

**Repairs:
Landlord's
Duty.**

trine is well established that a landlord is not bound to keep leased premises in repair in the absence of an agreement so to do. Without such an agreement his liability is limited to acts of misfeasance, but not of non-feasance. Not being bound to repair unless he has agreed so to

do, it follows that injuries to the tenant arising from the landlord's failure to repair will not give a cause of action to the tenant. [Ward v. Fagin, 101 Mo. 669.] Hence the necessity, in an action for damages by the tenant for injuries received on account of defects in the premises, of the petition alleging that the landlord agreed to keep the premises in repair during the lessee's term. The petitions allege that the agent of the landlord agreed in the contract of rental to keep the premises in controversy in good repair during the term of plaintiffs' lease and suitable for the occupancy of plaintiffs as a residence. The rule announced, therefore, in Ward v. Fagin, supra, and affirmed in the later case of Glenn v. Hill, 210 Mo. l. c. 296, is complied with, and the petitions in this respect are not subject to criticism.

III. A lease or contract of rental existing between the parties, a question not free from difficulty arises as to whether, instead of actions sounding in tort, a suit should not have been brought for a breach of the covenant to repair. This question received careful consideration, by this court in Glenn v. Hill, 210 Mo. 291, in which BURGESS, J., speaking for the court, after reviewing numerous authorities, announced this rule: that when a promise to repair is based upon a valuable consideration and defendants have breached the contract, such breach will not furnish a basis for an action of tort under the statute (now Sec. 5426, R. S. 1909), but the remedy will be an action for breach of the contract. There is a marked difference, however, between the instant cases and that of Glenn v. Hill. In the former, there was an express agreement to repair incorporated in and made a part of the contract of rental; in the latter, the agreement to repair was made after the lease was entered into and therefore properly held to be without considera-

Nature of the Action.

tion; further, in the former there was a specific charge of negligence, in the latter there was none. These differences disclose a binding contract for repairs in the instant cases, but on account of a lack of consideration there was no such contract in Glenn v. Hill. The court clearly recognized this fact in the latter case, holding that ''there is no averment in the petition that under the contract of leasing the defendants agreed to repair, and in the absence of an agreement in the lease binding the landlord to put or keep the premises in repair he is not liable in damages for failure to do so or for injuries sustained by the tenant by reason thereof.'' Despite the fact, therefore, that the general rule as to the nature of a landlord's liability to a tenant under the covenants of a lease is broadly stated in Glenn v. Hill, the decision therein did not turn upon the application of the rule; however, if it be granted that the application of the rule was the determining doctrine the dissimilarity of the facts in the two cases does not render that of Glenn v. Hill an apt precedent in the cases at bar.

Moreover, the cases at bar are stronger in their facts than that of Glenn v. Hill. From the former all question of contributory negligence is removed, because the defect in the floor, as shown by the pleading, while presumptively at least known to the landlord, was unknown to the tenant until the injury occurred, while in the latter it was known to both parties at the time of the execution of the lease.

Cases from other jurisdictions discussed in Glenn v. Hill declare the conditions under which one sustaining a contractual relation to another is held not liable in an action sounding in tort; but these conditions are not ruled upon in Glenn v. Hill itself, because the facts did not authorize such a ruling. At best the rule as there announced was based upon an assumption and not the existence of a fact, it being

conceded that there was no contract to repair, hence
there was nothing upon which the rule could operate.
This marks another material variance between Glenn
v. Hill and the cases at bar, rendering it inapplicable
as a precedent in determining the latter cases.

This court, except incidentally, has not discussed
the rule since the rendition of the opinion in Glenn
v. Hill. Our Courts of Appeals, however, in several
well reasoned cases have given the subject careful
consideration. The conclusions reached, while not
controlling, may be strongly persuasive, and the rea-
sons given for the application of the rule will not,
therefore, be lightly regarded.

In Graff v. Brewing Co., 130 Mo. App. l. c. 623,·
a landlord in a contract of rental agreed to make
suitable repairs in a defective floor. They were not
made, and the tenant in the ordinary use of the floor
broke through same and received injuries, for which
he brought suit against the landlord for damages.
A general demurrer was filed to the petition, alleging
it did not state facts sufficient to constitute a cause
of action. This was sustained and plaintiff appealed
to the Kansas City Court of Appeals, which reversed
and remanded the case. After reviewing numerous
cases discussing the question whether the action should
be treated as one arising *ex contractu*, the court con-
cludes that in an action on a contract damages can-
not be recovered for personal injuries caused by a
breach of the landlord's duty to repair, but the ques-
tion arises whether or not the plaintiff may have a
cause of action sounding in tort for the recovery of
such damages on the ground that the defendant was
negligent in failing to perform a duty he assumed
when the relationship of landlord and tenant was
established between him and the plaintiff; or do the
facts pleaded characterize the neglect of the landlord
as an act of misfeasance rather than a breach of
contract? JOHNSON, J., speaking for the court, after

quoting the somewhat epigrammatic statement of the rule as announced in Quay v. Lucas, 25 Mo. App. 4, that "where a covenant creates a duty, the neglect to perform that duty is a ground for an action for tort," says: "Logically it must follow that where a duty from one person to another becames an incident to the status or relationship established between them, whether the duty results from the principles of law relating to such status or from the contract of the parties, a negligent omission to discharge it is a tort which will afford the injured party a cause of action *ex delicto*. Thus, where a common carrier fails to deliver at their destination goods received for shipment, it may be held liable either in an action on the contract or in one arising from the tortious failure to perform a common law duty. The relation of master and servant is invariably created by contract, yet the master may be held in an action *ex delicto* for his failure to perform the duty of exercising reasonable care to provide his servant a reasonably safe place in which to work. Such examples are illustrative of the soundness and usefulness of the principle under discussion."

Following these illustrations the proof necessary to be made to authorize a recovery is discussed. We are not concerned with that here, but as to the sufficiency of the pleading, similar in its material allegations to those in the instant cases. In regard thereto the court said in substance: From the facts alleged it appears that the damages claimed were direct and not remote in that the defendant had knowledge of the defects and covenanted to repair them, and that they were of such a nature that a reasonably prudent person cognizant of same would know that the use of the floor in its defective condition would be attended by risk of injury. Thus tested the court held that a cause of action was stated and overruled the demurrer.

After the opinion was rendered in the Graff case by the Kansas City Court of Appeals and the case had been remanded but not tried, the Supreme Court delivered the opinion in Glenn v. Hill, supra, whereupon the defendant in the Graff case again filed a general demurrer to the petition. This was sustained by the trial court upon the ground that the Court of Appeals' ruling contravened the opinion of the Supreme Court in Glenn v. Hill. The plaintiff again appealed to the Court of Appeals, which held (145 Mo. App. 364) that nothing in its ruling was in contravention of the doctrine declared in Glenn v. Hill; and the rule announced upon the former appeal was reasserted, the court briefly stating: that while a breach of contractual duty will not authorize an action *ex delicto,* where the breach constitutes more than such duty and is, in addition, a negligent violation of the relation existing between the landlord and tenant, an action in tort will lie for injuries arising from such violation.

In Dailey v. Vogl, 187 Mo. App. 261, the plaintiff, a tenant, fell or broke through certain defective boards in a walk on the rented premises which the landlord had agreed to repair. She sued for damages and recovered judgment. Defendant appealed to the Kansas City Court of Appeals. ELLISON, J., speaking for the court, held, following an exhaustive review of the authorities, that she could not recover in tort and questioned the correctness of the conclusion reached in the Graff cases. The result of his reasoning was that the landlord's liability was limited to his contract, no other duty resting on him; that he could not be held liable in tort for negligence. The other judges concurred in the result in separate opinions. No affirmative declaration of the law is made by the court in this case.

In Murphy v. Dee, 190 Mo. App. 83, a landlord, in the contract of letting, warranted the premises to

be in good repair and that he would so keep them
during the tenancy. Free access was by the terms of
the lease given the landlord to enter at any time for
the purpose of making repairs. The tenant, discov-
ering the decayed condition of a porch on the prem-
ises, notified the landlord of the same, who failed to
repair it. On account of such defect the tenant fell
from the porch and received the injuries for which
he sued and recovered damages. Among other de-
fenses on appeal to the St. Louis Court of Appeals,
it was urged that the petition did not state a cause
of action. After a review of many cases the court
reached the conclusion that under the allegations of
the petition the plaintiff could not recover, as the
action was in tort for damages arising out of a breach
of contract. Glenn v. Hill and cases therein dis-
cussed are cited as sustaining this conclusion. Ear-
lier cases of the Courts of Appeals announce the rule
as in Murphy v. Dee, but under the facts upon which
they were decided their citation is not appropriate.

A conflict of opinion as to the application of the
rule in regard to a landlord's liability is apparent in
the cases reviewed. The Graff cases, on the one hand,
and Murphy v. Dee on the other, marking the extreme
poles of difference. Lacking harmony like ''sweet
bells jangled,'' we must perforce seek elsewhere for
even persuasive light leading to a correct conclusion
in the cases before us. Presenting as these cases
do the two distinct doctrines as to a landlord's lia-
bility to a tenant for injuries, they serve as a text
in the consideration of cases from other jurisdictions.

In other jurisdictions a contrariety of opinion ex-
ists in the rulings of courts of last resort on this
subject. In addition to the compilation of cases in
Glenn v. Hill and the Courts of Appeals cases, an
exhaustive presentation of the authorities pro and
con will be found in the annotated case of Hines v.
Willcox, 96 Tenn. 148, 34 L. R. A. 824, and the af-

firmance of this case in 100 Tenn. 538, 41 L. R. A. 278. A discussion of Hines v. Willcox will also be found in our own reports in Whiteley v. McLaughlin, 183 Mo. 160, the disputed question here, however, not being ruled on. Other cases are Dustin v. Curtis, 74 N. H. 266, 11 L. R. A. (N. S.) 504; Walsh v. Schmidt, 206 Mass. 405, 34 L. R. A. (N. S.) 798; Anderson v. Robinson, 182 Ala. 615, 38 Am. & Eng. Ann. Cas. 829; Mesher v. Osborne, 134 Pac. (Wash.) 1092, 48 L. R. A. (N. S.) 917, and cases cited in 24 Cyc. 1114, note 50. An analysis of these and other cases shows that the strong current of authority is in favor of the rule that for a breach of covenant to repair leased premises in possession of the tenant, the landlord cannot be held liable in tort for personal injuries received by the tenant as a result of a defect in the premises. The reason, succinctly stated, for this rule is that a tort is a wrong to another in his rights created by law or existing in consequence of a relation established by contract, but that it cannot be based upon the contract itself; or, stated differently, a duty imposed upon the landlord to make repairs does not arise out of the relation created by the contract, but rests upon an express stipulation in the contract. Being a duty assumed by the contract, its breach does not constitute a tort.

Cases announcing a contrary doctrine are Willcox v. Hines, 100 Tenn. 538; Barron v. Liedloff, 95 Minn. 474; Sontag v. O'Hare, 73 Ill. App. 432; Mesher v. Osborne, 134 Pac. (Wash.) 1092; Lowe v. O'Brien, 138 Pac. (Wash.) 295. These cases declare the rule as in Graff v. Brewing Co., that a landlord may be sued in tort for injuries received by a tenant on account of defective premises which the landlord has contracted to keep in repair. This doctrine necessitates the holding that the landlord in failing to repair has been guilty of something more than a breach of the contract, viz., negligence. Upon

no other theory can a basis be established for an action sounding in tort. To sustain the rule as thus announced it is necessary to determine when the contractual obligation ends and the liability for negligence begins. They cannot be coexistent as to matters within the purview of the contract, which, if not forfeited, continues during the time prescribed and loses none of its force or effectiveness by reason of any act of the landlord. The contract not only defines the time and terms of the rental,. but it measures as well the obligations of the parties. Thus complete within itself, it cannot be reasonably said that upon a failure to comply with its conditions a right of action authorized by its terms and within the contemplation of the law, can be supplanted by another not based upon or growing out of the contract, but having its origin purely in a process of reasoning.

A breach of the contract to repair resulting in injuries to the tenant may arise from the negligence of the landlord, but this is not such technical negligence as will authorize a right of action in tort; this can only exist independent of the contract for injuries not proximately resulting from the breach and therefore not within the contemplation of the parties Put more plainly, an agreement to repair does not contemplate a destruction of life or an injury to the person which may result accidentally from an omission to fulfill the terms of the agreement. [Hamilton v. Feary, 8 Ind. App. 615, 52 Am. St. 485, affirmed 140 Ind. 45; Arnold v. Clark, 13 Jones & Spen. l. c. 257; Miller v. Rinaldo, 47 N. Y. Supp. 636.]

In the instant cases it not only appears from the pleadings that the landlord covenanted to repair and keep the premises in a tenantable condition, but that the defect was or could have been known to the landlord and was not known to the tenant. While there is a line of authorities requiring the tenant to be notified of latent defects, and upon a failure so to do

holding the landlord liable for injuries arising therefrom, the nature of the defect, in this case a worn floor, was as easily discoverable by the tenant as the landlord, and since the pleadings charge presumption of knowledge from the landlord's ownership rather than actual knowledge, in the absence of fraud or deceit this will not serve to fix a liability in tort. Ownership does not create a presumption of a knowledge of the particular condition of premises; and a defect alleged to be latent, if easily discoverable to both parties, is not a ground of liability. [Doyle v. Railroad, 147 U. S. 413; Anderson v. Robinson, 182 Ala. 615; Jackson v. Odell, 9 Daly (N. Y.), 371; Davidson v. Fischer, 11 Colo. 583.]

In the cases at bar the petitions sound in tort, but they do not disclose such active negligence independent of the contract as will support an action of this character. In view, therefore, of the strong trend of authority limiting the right of action in such cases to suits for a breach of the contract, we feel impelled to hold that the plaintiffs have mistaken their remedy. That much may be and has been said to the contrary, especially in the well reasoned cases of Willcox v. Hines and Graff v. Brewing Co., supra, we do not hesitate to admit; but considering the nature of the actions, the relationship of the parties, as landlord and tenant, and the general law in regard to the force and effect of contracts, the doctrine declared in these cases is not approved.

From all of which it follows that the judgment of the trial court is affirmed. *Faris, P. J.,* and *Revelle, J.,* concur in paragraphs two and three and the result, but express no opinion as to paragraph one.