THERESA PRIMM, Respondent, v. ELIZABETH SCHLINGMANN, Executrix of the Estate of HENRY SCHLINGMANN, Deceased, Appellant.

St. Louis Court of Appeals. Opinion Filed June 5, 1923.

1. **ABATEMENT AND REVIVAL:** Actions: Assault and Battery: Commenced Before Death of Defendant: May be Revived Against his Legal Representatives. Where an action for damages for assault and battery had been commenced before and was pending at the time of the death of the deceased party defendant, such action may be revived against his legal representatives under section 4231, Revised Statutes 1919, providing that causes of action upon which suit has been or may hereafter be brought by the injured party for personal injuries, other than those resulting in death, whether such injuries be to the health or to the person of the injured party, shall not abate by reason of his death, etc., such section not being in conflict with section 97, Revised Statutes 1919, which allows actions to be originally brought by or against administrators for tort, nor with section 98 which expressly excepts certain actions against an executor or administrator, among them the action of assault and battery.

2. **DAMAGES:** Excessive Damages: Assault and Battery: Causing Miscarriage: $2000 Not Excessive. A verdict of $2000 actual damages *held* not excessive where plaintiff, a pregnant married woman, was assaulted and struck in the abdomen by defendant, thereby causing her to have a miscarriage a few days afterwards, and suffer much pain and anguish from the blow.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Chas. B. Davis*, Judge.

AFFIRMED.

*Lubke & Lubke* and *Leahy, Saunders & Walther* for appellant.

(1) An action for damages for assault and battery cannot be maintained against the executor or administrator of a deceased person. R. S. 1919, secs. 97 and 98;

Hyde v. Nelson, 287 Mo. 130; Stanley v. Bircher's Executor, 78 Mo. 245; Davis v. Morgan, Admr., 97 Mo. 79; Bates v. Sylvester, 205 Mo. 500. The above sections in the chapter of the statutes relating to administration as to actions for assault and battery are not changed by the act of 1907, now R. S. 1919, section 4231, relating to actions for personal injuries, contained in the chapter of the statutes concerning damages for personal injuries arising out of negligence. Repeals of statutes by implication are not favored, and a prior and a subsequent act apparently inconsistent with each other should be so construed as that both shall be operative, if possible. State ex rel. Waterworth v. Clark, 275 Mo. 95; State ex rel. Sturgeon v. Bishop, 195 Mo. App. 30; Nichols v. Hobbs, 197 S. W. 258. (2) The instruction given for the plaintiff on the measure of damages which permits a recovery for future pain and suffering is not warranted by the evidence and is, therefore, erroneous. Instructions must be predicated on evidence. Culbertson v. Railroad, 50 Mo. App. 556; Mannuerberg v. Railway Co., 62 Mo. App. 563. (3) The verdict is excessive and should have been set aside by the trial court. Dix v. Martin, 171 Mo. App. 266; Goetz v. Ambs, 22 Mo. 170; Mitchell v. United Rys. Co., 126 Mo. App. 1.

*Charles A. Lich* for respondent.

(1) Action for damages for assault and battery can be maintained against the executor or administrator of a deceased person. Sec. 4231, R. S. 1919; Hyde v. Nelson, 229 S. W. 200; Kohnle v. Paxton Estate, 268 Mo. 463; City v. Clement, 246 S. W. 176. (2) Secs. 97 and 98, R. S. 1919, are superseded and overruled by sec. 4231, R. S. 1919. 222 Mo. 175, supra. (3) The plaintiff's instruction on the measure of damages was proper. (4) The verdict is not excessive. (5) The court erred in refusing to permit plaintiff to testify as to her physical condition and as to facts and things

happening subsequent to death of Henry Schlingmann. Brunk v. U. Rys. Co., 198 Mo. App. 243.

DAUES, J.—This is an action for damages for assault and battery. Plaintiff instituted the suit in the circuit court of the city of St. Louis on October 25, 1919, against Henry Schlingmann, now deceased. Summons was duly issued, returnable to the December Term, 1919, and on December 3, 1919, the defendant filed his answer. Later the death of defendant Henry Schlingmann was suggested, and on February 6, 1920, a writ of *scire facias* was issued returnable to the April Term, 1920, against Elizabeth Schlingmann, executrix of the estate of said Henry Schlingmann, deceased, to show cause why the cause should not be revived against her as such executrix. On April 6, 1920, at the return term of *scire facias,* said executrix filed her return, wherein she asserted that the cause of action alleged in plaintiff's petition had abated by the death of Henry Schlingmann; that no action for damages for assault and battery could be continued after the death of the defendant thereto against the executor or administrator of the estate of such defendant. The court overruled the return to the order to show cause, and revived the cause against the executrix of the deceased's estate and the same proceeded to trial against said executrix, who filed a general denial as an answer. There was a verdict and judgment in favor of plaintiff for $2000, and the defendant appeals.

The record is very short. For the plaintiff the evidence tended to show that plaintiff's family was a tenant of the deceased Schlingmann; that on October 8, 1919, Schlingmann ordered plaintiff to vacate the premises; that plaintiff pleaded with the deceased not to put her out as the family had just received several wagonloads of coal; that thereupon Schlingmann, uttering opprobrious language not necessary to repeat, struck the plaintiff in the abdomen with his fist; that she was led up-

stairs to her rooms; that she was pregnant with child at the time and that she miscarried a few days afterwards, and that she suffered much pain and anguish from the blow.

Schlingmann having died before the time of the trial, plaintiff was not permitted to testify. The evidence for plaintiff was adduced, in part, through one John Vitele, a coal dealer, who, seemingly as a disinterested witness, testified that he was in the alley near the house unloading coal sold by him to plaintiff at the time. He said he saw the deceased assault the plaintiff; that he heard Schlingmann "holler" to the plaintiff; "Now, you will have to get out;" that plaintiff came down stairs with tears in her eyes, went up to Mr. Schlingmann's porch to talk to him and that she said: "Why didn't you tell me, Mr. Schlingmann, a week or two ahead of time so I could cancel my order?" Witness said that the deceased then struck plaintiff in the abdomen, uttering an epithet while doing so, and that deceased then went into his house, that witness started to help plaintiff upstairs, but that her husband came down and took her upstairs.

Another witness, a lady acquaintance of plaintiff, testified that she nursed plaintiff after the alleged assault, and that on October 18th she actually saw plaintiff have a miscarriage; that plaintiff was very sick and had several fainting and sinking spells to the extent that witness thought she was dying.

Dr. Charles E. Schleeter testified that he attended plaintiff, making the first visit about 11 o'clock P. M., October 8, 1919; that he found her liver congested; that she was suffering from much pain and was vomiting continually; that she had excruciating pains in the stomach and had a redness in the region of the liver, and that some of the spots remained for several weeks and that she had pain in the region of the liver for a long time, also in the region of her stomach; that after a month and a half she came to his office; that she was very nervous at the time and somewhat hysterical; that

this condition lasted about two or three weeks. As to any permanent injuries, the witness testified it was difficult to tell because some cases act differently than others, and he doubted whether there was any permanent injury outside "she may have a little liver trouble through it."

Another witness, Pauline Bennett, testified that she was at the home of plaintiff the day following the alleged assault and that plaintiff had attended police court, but was so sick she had to be put to bed, and that she was swollen about the abdomen and had bruises about that region.

The defendant's evidence was to the effect that witness Vitele could not see the place where the assault is alleged to have been committed because of the height and location of the shed. There was evidence tending to show that one standing at the point indicated by Vitele at the time he said he saw the assault could not have seen same. And on rebuttal plaintiff adduced testimony to show that standing on the wagon then used by him he could have seen same.

The main assignment of error goes to the question as to whether an action for damages for assault and battery survives after the death of the defendant during the pendency of the action and can be revived against his executrix.

Appellant's argument proceeds upon the theory that under section 97 and 98, Revised Statutes 1919, relating to administration, no such action for damages for assault and battery can be maintained against the executor or administrator of a deceased person. Respondent, on the other hand, argues that the enactment of section 4231, Revised Statutes, 1919, repeals and supercedes said sections 97 and 98, supra, in so far as a revival of actions for assault and battery are concerned. However, as we interpret the statutes, this is not the exact question involved, as will appear from our discussion of the question.

We set out these statutes in full:

"Section 97, Revised Statutes 1919. For all wrongs done to property, rights or interest of another, for which an action might be maintained against the wrongdoer, such action may be brought by the person injured, or, after his death, by his executor or administrator, against such wrongdoer, and, after his death, against his executor or administrator, in the same manner and with like effect, in all respects, as actions founded upon contract."

"Section 98, Revised Statutes 1919. The preceding section shall not extend to actions for slander, libel, assault and battery or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff, or to the person of the testator or intestate of any executor or administrator."

"Section 4231, Revised Statutes 1919. Causes of action upon which suit has been or may hereafter be brought by the injured party for personal injuries, other than those resulting in death, whether such injuries be to the health or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in case of the death of either or both such parties, such cause of action shall survive to the personal representative of such injured party, and against the person, receiver or corporation liable for such injuries and his legal representatives, and the liability and the measure of damages shall be the same as if such death or deaths had not occurred."

It is appellant's argument that since said section 98 specifically sets out the several kinds of actions which may not be maintained against the executor of a deceased person, and since the action of assault and battery is so named, and section 4231 being general, that therefore the latter does not supercede the former and both statutes must stand; and so it must follow that since the statute specifically provides that actions for assault

and battery cannot be maintained against the executor, that this action did not survive the death of Henry Schlingmann and could not have been revived against his executrix. On the other hand, respondent argues thus: That it is clear that prior to the enactment of section 4231 this character of an action did not survive; that sections 97 and 98 are in effect simply declaratory of the common law that tort actions do not survive the death of the tort-feasor; that section 4231 provides for the survival of all causes of action arising out of or based upon personal injuries or injuries to health not resulting in death, but does not abrogate the common-law rule as to slander and libel suits or false imprisonment actions. It is insisted that section 98 still announces the common-law rule as affecting slander and libel and false imprisonment actions, but in so far as actions for injuries to persons not resulting in death are concerned same are superseded by said section 4231. It is insisted that section 98 denies recovery after death for actions for assault and battery and for all other injuries to the person of the plaintiff and thus precludes recovery for every injury to the person of the plaintiff for any tort resulting in personal injuries to persons whether it resulted in assault and battery or for any other tort. Respondent cites many cases to show that our courts long since have permitted revival in ordinary tort cases under section 4231, citing City of Springfield v. Clement, 246 S. W. 175; Kohnle v. Paxton, 268 Mo. 463, 188 S. W. 155; Gilkeson v. Railroad, 222 Mo. 174, 121 S. W. 138. However, as we understand these statutes and the decisions of our Supreme Court touching same, the solution of this case rests upon the application of an entirely different principle.

In Showen, Admr. v. Street Railway, 164 Mo. App. 41, l. c. 47, 148 S. W. 135, the Kansas City Court of Appeals, construing section 5438, Revised Statutes 1909, (now section 4231, Revised Statutes 1919); held that:

"This section does not apply to instances where the death of the injured person resulted from his injury

nor to cases where the death was not caused by the injury but occurred before an action was commenced to recover damages on account thereof. In express language it applies only to actions pending at the time of the death of the plaintiff to recover damages for personal injuries which were not the cause of the death. In such cases, the death of the plaintiff does not abate the action nor its cause but both survive to the personal representative of the deceased and such representative is entitled to be substituted in the action as plaintiff.''

Later, in Kohnle v. Paxton, 268 Mo. 463, 188 S. W. 155, in a divisional opinion of the Supreme Court, the view of the writer of that opinion is expressed that under said section 5438, Revised Statutes 1909, the right of survival of a cause of action for personal injuries cannot be limited to cases in which actions were pending at the time of the death of the injured party or the tort-feasor; that the right of action having accrued, the death of the party in interest before the institution of the suit to enforce such right would not abate the action or bar the right to bring it, and expressly disapproved the ruling in the Showen case, supra. This view in the opinion in the Kohnle case was not concurred in by the other judges, and hence does not constitute a decision of our Supreme Court on that point. However, very recently, in the case of City of Springfield v. Clement, 246 S. W. 175, Division No. 1 of that court in a majority opinion said the following, l. c. 176:

"Prior to the enactment of section 5438, Revised Statutes 1909, there was no doubt but what the death of a tort-feasor wiped out and destroyed a cause founded upon a tort committed by him prior to his death. This seems to have been the universal rule. [Bates v. Sylvester, 205 Mo. 493, 104 S. W. 73; 11 L. R. A. (N. S.) 1157, 120 Am. St. Rep. 761, 12 Ann. Cas. 457; Millar v. Transit Co., 216 Mo. 99, 115 S. W. 521.] And in our opinion said section 5438, Revised Statutes 1909, the

same as section 4231, Revised Statutes 1919, has no application to this case, for the reason that this section of the statute by its express terms applies only to actions pending at the time of the death of the deceased, and this record discloses that the Abbott suit was not filed until August 25, 1916, and Otis L. Milligan, the tort-feasor, died March —, 1913, some three years before that suit was brought. The same views as here expressed were held to be the law in the case of Showen v. Street Ry. Co., 164 Mo. App. loc. cit. 47, 148 S. W. 135. And this court, in the case of Downs v. United Rys. Co., — Mo. —, 184 S. W. 995, cited upon this point with approval the case of Showen v. Ry. Co., supra. From the views thus expressed we may take it for granted that said section 5438 does not assist the plaintiff in this case.''

Therefore, it is ruled by our Supreme Court that section 4231, Revised Statutes 1919, has no application except as to actions actually pending at the time of the death of the deceased party litigant, which ruling is controlling upon us. This being the law, the case at bar finds easy solution.

Section 4231, supra, being construed as applying only to actions pending at the time of the litigant's death, and as not relating to an action which is not brought before death, then there is no question here of conflict between section 4231 and sections 97 and 98, supra. Observably, section 97 allows actions to be originally brought by or against administrators for tort. Section 98 expressly excepts certain actions, among them the action of assault and battery. Section 4231, however, does not relate to the bringing of suits contained in these said sections, for, as has been held by our Supreme Court, section 4231 relates only to actions which have been brought during the lifetime of the original party to the action, and when such suit has been brought and the party subsequently dies that the administrator or executor may revive such action and carry same to a

final adjudication. In this view there is no conflict between these statutes, and section 4231 comprehends every cause of action upon which suit has been brought for personal injuries, other than those resulting in death, whether such injuries be to the health or to the person of the injured party. In all such cases it is provided that the cause of action shall not abate by reason of the death of the person so injured or by reason of the death of the person against whom such cause of action has accrued. Therefore, we hold that the court below properly ruled that the action in the instant case could be maintained against the executrix of the estate of Henry Schlingmann, the tort-feasor, under said section 4231. It appears that the suit was brought against Schlingmann during his lifetime; that he was served with summons and filed his answer, and that his death occurred subsequently while the cause of action was pending, and the revival is against his executrix at that stage of the proceedings.

It is next contended that plaintiff's instruction on the measure of damages is erroneous because same permits the jury to allow recovery for future pain and suffering, on the ground that there is no evidence that plaintiff will suffer pain in the future. It is also contended that the verdict is excessive. The verdict was for $2000 actual damages. There is sufficient evidence to support the instruction, and the verdict, indeed, is not excessive.

Finding no reversible error in the record, the judgment should be affirmed. It is so ordered. *Allen, P. J.,* and *Becker, J.,* concur.