ADA J. B. MILLAR Appellant, v. ST. LOUIS TRANSIT COMPANY and UNITED RAILWAYS COMPANY.

Division One, January 14, 1909.*

1. **APPEAL: Tort: New Trial Granted: Abatement.** In an action for tort, wherein plaintiff recovered a verdict and judgment for damages for the negligent killing of her husband, and the trial court on defendant's motion granted a new trial and an arrest of the judgment, and from those orders plaintiff appealed but died before the cause came on for hearing in the appellate court, her action abated, and cannot be revived in this or any other court by the substitution of her administrator or executor as the plaintiff.

2. ————: ————: **Abatement After Verdict: Section 762, R. S. 1899.** Section 762, Revised Statutes 1899, providing that "after verdict shall be rendered in any action, and after an answer of confession in any suit brought, if either party die before judgment be actually entered thereon, the court may, within one term after such verdict or answer, enter final judg-

---

*NOTE.—Decided December 23, 1908.  Motion for rehearing filed. Motion overruled January 14, 1909.  This opinion should be read in connection with Millar v. Transit Co., 215 Mo. 607, decided on December 23, 1908, in which no motion for a rehearing was filed.

ment in the name of the original parties," does not apply to a case where, after a verdict has been returned against defendant and a judgment rendered, motions for a new trial and in arrest have been filed and sustained, and thereafter the plaintiff dies. The word "verdict" therein refers to a verdict in which no judgment has been entered in the trial court.

3. ———: ———: ———: **Act of 1891.** Nor does the Act of 1891, granting to either party the right of an appeal from an order granting a new trial, change the situation. It does not mean that, if plaintiff dies after he recovers a verdict and judgment and a new trial is granted, the cause of action may be revived in the name of his administrator or executor. In the nature of things there is no adjudication after a new trial granted in the suit for tort, and no property rights have descended to the plaintiff's legal representative.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

APPEAL DISMISSED.

*Boyle & Priest, F. S. Whitelaw* and *T. E. Francis* for respondent.

An action under the Damage Act does not survive to the administrator, and the plaintiff in this case having died pending this appeal, this action must abate. Bates v. Sylvester, 205 Mo. 293.

*Lon O. Hocker* and *Earl M. Pirkey* for appellant in reply.

The executor has the right to revive the action in his own name. R. S. 1899, sec. 762. The case of State ex rel. v. Stratton, 110 Mo. 426, decides that where a plaintiff dies after verdict but before judgment and a motion for a new trial has been filed by defendant, the court should proceed and act on the motion for a new trial. In the case at bar plaintiff's claim was reduced to verdict and judgment when the court sustained respondent's motion for a new trial and its motion in arrest; plaintiff then appealed and such action of the trial court is not a finality unless

it is affirmed by this court, and if it is not affirmed by this court then the unauthorized action of the trial court should not deprive plaintiff of her verdict and judgment. The case cited by respondent in this connection does not decide or have any bearing on the question of revival. All it decides is that where the defendant in an action under section 2864 dies before judgment the action does not survive against the administrator. The statute directs a court to enter up judgment if the plaintiff dies after verdict and before judgment. If, in such a case, the trial court would refuse to enter up judgment, there is no question but what it could be compelled to do so. In this case a verdict and judgment were both entered, when the court by an unauthorized act attempts to set them aside. Before his action is consummated, plaintiff appeals, this suspends his action until the appeal is heard and consequently plaintiff's verdict and judgment still exist. If this court reverses the action of the trial judge a new verdict and judgment are not required of plaintiff; all that is done is to reverse and set aside the action of the trial court in sustaining defendant's motion for a new trial and in arrest and the old verdict and judgment, which have been merely suspended, stand. Consequently, this cause should be revived in the name of the executor.

GRAVES, J.—This case is numbered 13392 in this court, and is one branch of a cross appeal taken by plaintiff in the case of Ada J. B. Millar, plaintiff, vs. St. Louis Transit Company and United Railways Company, defendants. The facts material to this appeal by Mrs. Millar appear in the appeal taken by the St. Louis Transit Company in case No. 13118, just decided, and reported in 215 Mo., page 607, except the record shows there was introduced in evidence a certain lease from the United Railways Company to the St. Louis Transit Company and two ordinances of the city

of St. Louis, relative thereto. This lease and these ordi-
nances are fully described and discussed in the recent
case of Moorshead v. United Railways Company, first
decided by the St. Louis Court of Appeals in 119 Mo.
App. 541, and later by this court in 203 Mo. 121. Ref-
erence is made to these two opinions for the full de-
scription of the several instruments. To outline these
here again would be but a useless undertaking and one
profitable neither to the Bench nor the Bar.

On this appeal the United Railways Company
denies any liability to Mrs. Millar for the death of
her husband, and further this defendant contends that,
in as much as Mrs. Millar died pending her appeal, as
against it, the suit has abated, and there is no author-
ity in law to authorize the further prosecution thereof
by her administrator. The administrator has asked
that this case be revived in his name, and this applica-
tion was taken with the case.

Upon the record before us there are these two
questions here not involved in the appeal of the St.
Louis Transit Company, i. e., (1) Was there ever any
action against or any liability upon the United Rail-
ways Company, and (2) if so, then did the same abate
by plaintiff's death? This is all that need be stated
in addition to the facts stated in the other appeal.

The most orderly manner of taking these two ques-
tions will be in the inverse order, for even if we
concede there was an original cause of action, yet if
such has abated, by reason of the death of the plain-
tiff, the abatement should be first determined, and if it
should be found that it had in fact abated, further dis-
cussion would be unnecessary.

Counsel for plaintiff predicate their right to have
the executor of Mrs. Millar substituted on what is
stated or can be read into section 762, Revised Statutes
1899. This section reads: "After a verdict shall be
rendered in any action, and after an answer of con-
fession in any suit brought, if either party die before

judgment be actually entered thereon, the court may, within one term after such verdict or answer, enter final judgment in the name of the original parties.''

This is an action in tort, and it is not seriously insisted that, had the plaintiff, Mrs. Millar, lost in the trial in the court *nisi* and then died pending her appeal, her executor could revive the suit here.

Appeals are purely statutory. No right of appeal existed at the common law. The statute relied upon does not attempt to prescribe what shall be the situation of a case upon appeal. The statute itself is but declaratory of the common law in courts *nisi*. [1 Cyc. 76.] The word "verdict" as therein used refers to a verdict upon which no judgment has been entered in the trial court, and provides that in certain contingencies a judgment may be entered upon such verdict after the death of a party to the action. This is not the case here. From the abstract of record before us it appears that on April 17, 1905, the verdict against both defendants was returned, and on the same day judgment was entered in favor of the plaintiff for the amount of the verdict and against both the defendants for the amount of the verdict. All this was whilst plaintiff was living. Later, on April 20, 1905, motions for new trial and in arrest of judgment were filed, and on July 7th following the motions were overruled as to the St. Louis Transit Company and sustained as to the United Railways Company. Plaintiff was at the time living, and from the judgment granting a new trial to the United Railways Company, she duly appealed. Prior to the Act of 1891, page 70, there was no right to appeal from such an order. This act reads:

"Section 1. That section 2246 of the Revised Statutes of 1889 be and the same is hereby repealed, and the following new section enacted in lieu thereof, to be known as section 2246:

"Section 2246. Any party to a suit aggrieved by any judgment of any circuit court, in any civil cause

from which an appeal is not prohibited by the Constitution, may take his appeal to the court having appellate jurisdiction from any order granting a new trial, or in arrest of judgment, or dissolving an injunction, or from any interlocutory judgment in actions of partition which determine the rights of the parties, or from any final judgment in the case, or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case."

There have been subsequent amendments, but they do not go to the point in question. They simply add to the Act of 1891, but do not in any way affect the specific right to appeal, in this particular situation, i. e., from an order granting a new trial. Without this Act of 1891, when the trial court vacated its judgment and set aside the verdict, the plaintiff was simply left as if no trial had been had in her case. In other words, she had a cause of action pending but no adjudication thereof. If under those circumstances she had died, the cause of action died with her. The question is, although not argued or discussed in the briefs, does this Act of 1891 change the situation? We must also bear in mind that this statute contemplates that either party may appeal from an order granting a new trial. So that in this case had defendant gotten judgment below, and plaintiff had filed the motion for new trial and the same had been granted, then the defendant could have appealed. In such case, could it be said that the suit could be prosecuted here in the name of her executors? We have practically held that she could not. [Davis v. Morgan, 97 Mo. 79.]

Under the supposed case, she never for a moment had a verdict or judgment, whilst in the actual case

at bar she did for a short time have both a verdict and judgment. We take it from the very terms of the act itself that there is no final judgment in either case. The judgment appealed from is an order granting a new trial and not from a final judgment on its merits. But if the party was alive and prosecuting the appeal, and this court reversed the order of the trial court in granting the new trial, the effect would be to reinstate the judgment and verdict theretofore had and obtained.

*Apropos* to the question in hand, we should consider the character of the plaintiff's right. Her right is and was not a new cause of action, but by the very Damage Act the right of her deceased husband to sue was transmitted to her. [Proctor v. Railroad, 64 Mo. l. c. 119; White v. Maxcy, 64 Mo. l. c. 558; Gray v. McDonald, 104 Mo. l. c. 311; Hennessy v. Brewing Co., 145 Mo. l. c. 112; Strode v. Railroad, 197 Mo. l. c. 626; Bates v. Sylvester, 205 Mo. l. c. 500.]

The case of Bates v. Sylvester was an action for tort by the widow for the wrongful killing of her husband, as is this case. In that case the tortfeasor died, and an attempt was made in the circuit court to revive the action against him in the name of the administrator. Discussing the question, and after reviewing all the cases, GANTT, J., said: "Our conclusion is that in the light of the common law and the construction placed upon our Damage Act by this court, the action of the plaintiff did not survive against the defendant as administrator of James J. Sylvester and the judgment of the circuit court in refusing to permit the cause to be revived was and is correct and accordingly it is affirmed." Judge GANTT likewise discusses the effect of our sections 96 and 97, Revised Statutes 1899, being the Administration Act. These he holds do not change the law, and cites and quotes with approval the discussion of similar sections of the New York statutes, by RUGER, C. J., in Hegerich v. Keddie, 99

N. Y. 258, wherein it was said: "The plain implication from its language would, therefore, seem to be at war with the idea that the Legislature intended to create a cause of action enforcible against, as well as by, representatives. The cause of action thereby given is not to the estate of the deceased person, but to his or her representatives as trustees, not for purposes of general administration, but for the exclusive use of specific beneficiaries. The wrong defined indicates no injury to the estate of the person killed, and cannot either logically or legally be said to affect any property rights of the person, unless it can be maintained that a person has a property right in his own existence. The property right, therefore, created by this statute is one existing in favor of the beneficiaries of a recovery only, and depends for its existence upon the death of the party injured. It had no previous life and cannot be said to have been injured by the very act which creates it." The Sylvester case reviews all the authorities, and not only holds that there can be no revivor against the administrator of the tort-feasor, but that the same shoe must fit the foot of a beneficiary of this transmitted right to sue. This beneficiary in the case at bar is the widow, who has since died.

Does this Act of 1891, now part of Revised Statutes 1899, section 806, affect the situation of the case? In cases where there is no survival of the action, but wherein the plaintiff has had judgment, 1 Cyc. 79, states the rule thus: "The rule applies in cases where there has been a judgment for plaintiff on a cause of action which does not survive, as by the judgment the cause of action is merged therein." In such case the administrator should be substituted for the deceased in this court, for the reason that the cause of action has been merged into a judgment, which judgment is a property right, and is fully covered by the provisions of section 96, Revised Statutes 1899. We permit the revival and

substitution in all such cases, but on the theory that the judgment is a property right.

On the contrary in an action for tort we expressly held that where the plaintiff failed below and was forced to a nonsuit, and then appealed from the judgment refusing to set aside the involuntary nonsuit, and pending such appeal, the defendant died, we would not consider such an appeal, and the cause was stricken from the docket, and this, too, after the administrator had been brought into this court by consent of parties. [Davis v. Morgan, 97 Mo. 79.]

The judgment from which Mrs. Millar appealed in this case reads: "The court having heard the United Railways Company's motions for a new trial and in arrest of judgment, filed herein on April 20, 1905, doth sustain the motion for a new trial on the second and third grounds thereof, and doth also sustain the motion in arrest of judgment."

In this judgment before us there is no merger of the original cause of action into a judgment of dollars and cents. Property rights cannot be read into this judgment, and if not, the administrator has no place in this court or in any other court under the provision of sections 96 and 97, Revised Statutes 1899.

Under the law existing at the time this appeal was taken and now, so far as we have been able to find, we find no authority to allow the application of the administrator to be made a party hereto, or the cause to be revived in his name. Such application is therefore refused, and this appeal stricken from our docket. Such being our conclusion, we have no case here for consideration, and the discussion of the first question suggested in our statement, supra, would be out of place.

All concur.