## CITY OF SPRINGFIELD v. MARY L. CLEMENT et al., Appellants.

### Division One, December 18, 1922.

1. **TORT: Defective Sidewalk: Survival of Action.** Where the downspouts from a building were defective, and in consequence water accumulated on the abutting sidewalk and froze and formed a dangerous obstruction, and a pedestrian was thereby caused to fall and sustained a severe injury, and after the death and final settlement and distribution of the estate of the owner of the building said pedestrian sued the city for damages and recovered judgment, the city cannot maintain a suit against the distributees of said owner to be re-imbursed in the amount of said judgment. For such a tort a cause of action against the tortfeasor did not survive his death, either at common law or under the statute (Sec. 5438, R. S. 1909; Sec. 4231, R. S. 1919); and as no judgment was obtained against him in his lifetime, and neither he nor the city was sued until after his death, the city cannot maintain a suit aganst his devisees for re-imbursement.

2. ————: **Contribution: Judgment Debtors.** Section 5431, Revised Statutes 1909, providing in certain cases for contribution among judgment debtors, has no application where there is no judgment debtor.

Appeal from Greene Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*Fred A. Moon* for appellant.

(1) "Where a claim against the decedent does not arise until after the estate has been settled, it being impossible in such a case to present the claim to the probate court for allowance, the claimant should recover whatever is due him from the heir or next of kin if decedent died intestate, or from the legatees and devisees of a testate decedent." 3 Alexander's Commentaries on Wills, sec. 1584; State ex rel. Brouse v. Burns, 129 Mo. App. 474; Beeman v. Richardson, 150 Mo. 435; Williams v. Ewing, 31 Ark. 229; Hall v. Martin, 46 N. H. 337; South Milwaukee Co. v. Murphy, 112 Wis. 614; Payson v. Hadduck, 8 Biss. 293; Lake Co. v. Tindeke, 66 Minn. 209; Hantsch v. Massolt, 61 Minn. 361; Hecht v. Skaggs, 53 Ark. 291; Berton v. Anderson, 56 Ark. 470; Cole v. Hall, 85 Ark. 144; Stevens v. Tucker, 87 Ind. 109; McClure v. Dee, 115 Iowa, 546; Rohrbaugh v. Hamblin, 57 Kan. 393; Johnson v. Libby, 111 Me. 204. (2) It is not necessary to have the estate re-opened. The city may proceed against devisees and legatees directly. Walker v. Deaver, 79 Mo. 674; Blair v. Allen, 55 Ind. 409; Chitty v. Gillette, 148 Pac. 1048. (3) Contingent claims against an estate are not barred by the statute of non-claim, if they do not develop into absolute claims, that is, become actionable, until after administration has closed. Beeman v. Richardson, 150 Mo. 135; Binz v. Hyatt, 200 Mo. 308. (4) A city being mulched in damages on account of a defect or obstruction in a highway put there or caused by a third party, may recover over or against such third person. Independence v. Mo. Pac. Ry. Co., 86 Mo. App. 590; Memphis v. Miller, 78 Mo. App. 67; Telephone Co. v. St. Louis, 268 Mo. 485; Rochester v. Exrs. of Campbell, 123 N. Y. 411. (5) Indemnity is founded on contract, express or implied. In the case at bar it springs from im-

plied contract. 22 Cyc. 96. Indemnity is a contract to save harmless from loss or damage. 5 Elliott on Contracts, sec. 3996; 14 R. C. L. 43, sec. 1.

*Mann & Mann* and *W. D. Tatlow* for respondents.

(1) That this action is fundamentally founded on a tort, as to which at common law the right of action died with the deceased. (2) The action being founded on the tort, and which did not survive at common law, it did not survive even as against the legal representatives, under the Act of 1907, which is Section 4231, Revised Statutes 1919, for the reason that this statute by its express terms, applies only to actions pending at the time of the death of the deceased. The Abbott suit was not filed until the 25th day of August, 1916, and Otis L. Milligan died testate in March, 1913; his will was probated and final settlement and distribution made on the 20th day of June, 1914, more than two years before the Abbott suit was filed. (3) Even if the action did survive as against his legal representatives under said Section 4231, it did not survive as against his heirs and devisees, as this matter is covered by an entirely different section, to-wit, Section 2270, in the Article entitled "Conveyances in Trust." (4) It may possibly be true, and probably is, that if Otis L. Milligan had been a party to the Abbott judgment and bound by it, an implied contract would have been raised that he would indemnify the city against the loss on account of the judgment. Whether you call it an implied contract, the law would have cast that duty upon the deceased and the right of action would have survived. Millar v. Transit Co., 216 Mo. 99. This decision clearly marks the distinction between a case in which a tort action has proceeded to judgment before the death of one of the parties and where it has not. This is the exact distinction in the case at bar. Inasmuch as he was not a party to the judgment so as to be bound by it, the cause of action died with him, both in

favor of Miss Abbott and the city, unless the suit was pending against him at the time of his death so as to bring the case within the 1907 statute. The city's rights certainly cannot be any greater than Miss Abbott's rights. Before the city could recover against the deceased, it is necessary that Miss Abbott could have recovered aganst him. (5) This cause of action did not survive the death of the deceased as against his heirs and devisees, even though it did survive against his legal representatives. Section 4231 has no application to suits against heirs or devisees. That statute expressly says that it shall survive against his "legal representatives," which does not include his heirs or devisees. It is a conceded fact that the estate of the deceased had been fully administered and distribution made before the Abbott judgment was rendered. If the plaintiff has any right of recovery against these defendants as heirs and devisees of the deceased it must be by virtue of what is now Section 2270. This section is expressly limited to covenants and agreements of the deceased and clearly does not apply to the torts of the deceased. Whittelson v. Bohammer, 31 Mo. 98; Sawyer v. Griffin, 67 Mo. 64.

WOODSON, J.—The plaintiff instituted this suit in the Circuit Court of Greene County, to subject undisposed-of property, both real and personal, in the hands of certain devisees and legatees under the will of Otis L. Milligan, to the payment of a certain claim of the city of Springfield, claimed to have accrued to said city after the administration of said estate had been closed, the assets distributed and the executors discharged.

Each and all of the defendants filed separate demurrers to the petition, which were by the court sustained, and the plaintiff declining to plead further, thereupon the court dismissed the plaintiff's bill, and rendered judgment accordingly for the defendants.

An appeal was taken to the Springfield Court of Appeals which reversed the judgment and remanded the cause for a new trial, FARRINGTON, J., dissenting, and thereupon the cause was certified to this court.

Briefly, the facts are these: On the fifth day of February, 1913, one Otis L. Milligan was the owner in fee of a certain store building in the city of Springfield, Missouri, located on the southeast corner of the Public Square and South street. On this date and for a long time prior thereto, a downspout or spouts, on the west side of said building and leading down to the sidewalk, were in a defective and rotten condition so that water beng conducted thereby from said building would escape through holes in said downspouts onto the sidewalk and run across the walk to the curb, and in times of inclement weather would freeze, forming a rough formation of ice amounting to an obstruction. On said date such a formation of ice was on said walk and had been for several days. On this date one Annie M. Abbott, in passing along this walk, was caused to fall by such obstruction, and was severely and permanently injured.

In March, following, Otis L. Milligan, died testate. His will was duly probated in the Probate Court of Greene County, and in due course of time final settlement was made and approved, the assets distributed, and the executrices discharged on the 20th day of June, 1914.

On the 25th day of August, 1916, said Abbott filed suit against the city of Springfield, on account of personal injuries received as aforesaid. She recovered judgment against said city for $6000, which judgment was affirmed by the Springfield Court of Appeals in December, 1918. The city paid this judgment on May 6, 1919.

In August, 1919, this suit was instituted by said city against these defendants.

In order to procure a clear comprehension of the legal proposition presented for determination it is import-

ant to bear all the dates involved in the case in mind, and they are as follows:

Annie M. Abbott was injured on the 5th day of February, 1913.

Otis L. Milligan died testate, in March, 1913.

The will was probated and final settlement made and assets distributed on the 20th day of June, 1914.

The Abbott suit was filed on the 25th day of August, 1916.

The judgment was rendered in her favor on the 21st day of May, 1918.

It was affirmed in this court on the 25th day of February, 1919, and is reported in 210 S. W. 443.

It was paid by the city on the 6th day of May, 1919.

This suit was filed in August, 1919.

The demurrers tendered the issue that the petition did not state facts sufficient to constitute a cause of action.

The concrete proposition really presented by the demurrers for determination is whether or not such an action survives against the tortfeasor.

It is the contention of counsel for defendants that such actions do not survive, neither under the common law nor under the statutes of the State.

Prior to the enactment of Section 5438, Revised Statutes 1909, there was no doubt but what the death of a tortfeasor wiped out and destroyed a cause founded upon a tort, committed by him prior to his death. This seems to have been the universal rule. [Bates v. Sylvester, 205 Mo. 493; Millar v. Transit Co., 216 Mo. 99.]

And in our opinion said Section 5438, Revised Statutes 1909, the same as Section 4231, Revised Statutes 1919, has no application to this case, for the reason that this section of the statute by its express terms applies only to actions pending at the time of the death of the deceased, and this record discloses that the Abbott suit was not filed until August 25, 1916, and Otis L. Milligan, the tortfeasor, died in March, 1913, some

three years before that suit was brought. The same views as here expressed were held to be the law in the case of Showen v. Street Ry. Co., 164 Mo. App. 1. c. 47.

And this court in the case of Downs v. United Rys. Co., 184 S. W. 995, cited upon this point with approval the case of Showen v. Ry. Co., supra.

From the views thus expressed we may take it for granted that said Section 5438 does not assist the plaintiff in this case.

Something has been said regarding the applicability of Section 5431, Revised Statutes 1909. This statute provides for contribution between certain judgment debtors in certain cases. Clearly it can have no application to this case, for the reason that Milligan, the tortfeasor, was not a judgment debtor, in fact had never been sued. So under the facts of this case we are clearly of the opinion that the cause of action did not survive against Milligan, nor his heirs, executors or administrators.

Finding no error in the record, the judgment of the circuit court is affirmed. All concur, except *James T. Blair, J.,* who dissents.