MAX M. HEIL, Appellant, v. VIRGIN RULE, Executor of Estate of GEORGE A. RIDDLE.—34 S. W. (2d) 90.

Division One, January 5, 1931.

*Claud D. Hall* for appellant.

*Jones, Hocker, Sullivan & Angert* for respondent.

ELLISON, C.—Action for $20,000 damages for personal injuries sustained by the plaintiff as the result of falling from a defective scaffold furnished by his employer, the defendant's testator, George A. Riddle, a roofing contractor. The unfortunate event occurred June 2, 1926, but the plaintiff did not bring suit until May 17, 1927, some three months after the death of Riddle, the employer, the action being instituted against the defendant Rule as executor of his estate. A demurrer to the petition was sustained, the plaintiff declined to plead further, judgment went against him and he has appealed.

The petition charged negligence in the construction of the scaffold and disclosed the foregoing chronological facts; but affirmatively

pleaded that the cause of action survived and was not abated by the demise of Riddle—although not sued on until after his death—because of the provisions of Section 4231, Revised Statutes 1919. The circuit court took a contrary view of the meaning of the statute, and thus is raised the only question presented by the appeal. The section is as follows:

"Causes of action upon which suit has been or may hereafter be brought by the injured party for personal injuries, other than those resulting in death, whether such injuries be to the health or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in case of the death of either or both such parties, such cause of action shall survive to the personal representative of such injured party, and against the person, receiver or corporation liable for such injuries and his legal representatives, and the liability and the measure of damages shall be the same as if such death or deaths had not occurred."

The point has been ruled against the appellant's contention in four cases: Showen, Admr., v. Met. St. Ry. Co., 164 Mo. App. 41, 47, 148 S. W. 135, 137; Primm v. Schlingmann, 212 Mo. App. 133, 139, 253 S. W. 469, 471; City of Springfield v. Clement, 296 Mo. 150, 155, 246 S. W. 175, 176; Shupe v. Martin, 321 Mo. 811, 814, 12 S. W. (2d) 450, 451. Under the common law (with certain exceptions) an action or cause of action *ex delicto* for damages did not survive the death either of the person to whom or by whom the wrong was done. [1 C. J. Sec. 339, p. 184.] And the cases just cited all (or taken together) construe the statute as exempting from the operation of the common-law rule only those causes of action upon which *suit had been brought* before the death of either party.

The appellant maintains that upon a proper construction the statute refers not merely to actions pending, but also to causes of action accrued, whether sued on or not, and directs us to Shippey v. Kansas City, 254 Mo. 1, 23, 162 S. W. 137, 142, and Kohnle v. Paxton, 268 Mo. 463, 469, 188 S. W. 155, 156. Neither of these cases is noticed in the two later Supreme Court decisions referred to in the preceding paragraph hereof, and appellant suggests they must have been overlooked.

But we cannot take appellant's view either on reason or authority. The Shippey case does not discuss the point under consideration here, nor was it involved, because the action there had been instituted before the death of the alleged wrongdoers. Furthermore, the cause of action had accrued and both tortfeasors had died before the then newly enacted statute went into effect (Laws 1907, p. 252). And beyond that, the opinion in the cause received a carrying vote in Banc only through the concurrence of two of the judges *in the result*. The Shippey case is not authority on the proposition before us.

Paragraph 1 of the opinion in the other case relied on by appellant, the Kohnle case, does squarely decide the question, and sustains his contention; but that paragraph expresses only the views of its learned author, the late lamented WALKER, J. The case was decided in Division Two and the other two judges there sitting expressly reserved judgment on that paragraph.

On the other hand the later Clements and Shupe-Martin cases consider and authoritatively rule the precise question, and we think rightly. The statute says "causes of action *upon which suit has been or may hereafter be brought by the injured party* . . . shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued." It is impossible to excise the words we have italicised without doing violence to the plain meaning of the text.

The clause cannot be construed to refer, as appellant argues: (1) to *actions* actually instituted at the time of the passage of the Act in 1907; (2) to *causes* of action on which suit "might" be brought thereafter—that is to say, claims for personal injuries (other than those resulting in death) which are suable or will support a tort action. The word "may" with its context is not used in the mere sense of permission or possibility, but expresses futurity. [5 Words and Phrases, p. 4448; 3 *id.* (2 Ser.), p. 348; 5 *id.* (3 Ser.), p. 59.]

Neither is the statute open to another ingenious construction suggested by appellant when he says that at most it only requires the bringing of the suit by, and therefore before the death of, the injured party, whereas, as to the tortfeasor, the provision merely is that there shall be no abatement "by reason of the death of the person against whom such cause of action shall have *accrued.*" (Italics ours.) In other words, this part of the statute does not in terms say suit must have been *brought* against the wrongdoer before his death, but only that the cause of action must have accrued. But from the whole text it is too plain to be disputed that the application of the section is limited to causes of action on which suit has been brought before the death of the party whose demise should have worked an abatement under the common law.

Cases are cited declaring familiar rules of statutory construction, and other parts of the statute are commented upon, but we shall not extend the opinion further. The Clements and Shupe-Martin cases are correct, and should be followed. If the statute is too narrow and restrictive, the infirmity is one for legislative consideration.

The judgment below is affirmed. *Seddon* and *Ferguson, CC.,* concur.

PER CURIAM:—The foregoing opinion by ELLISON, C., is adopted as the opinion of the court. All of the judges concur.