LELA JOHNSON, Appellant, v. ARCHER K. FRANK, Executor of the Estate of WALTON C. FRANK, Deceased, and SHRYOCK REALTY COMPANY, a Corporation.—No. 39101.—191 S. W. (2d) 618.

Division One, December 3, 1945.

Rehearing Denied, January 7, 1946.

768

*Clarence C. Chilcott* and *Walter A. Raymond* for appellant.

*W. F. Wilkinson* and *Roy K. Dietrich* for respondent Shryock Realty Company; *Gossett, Ellis, Dietrich & Tyler* of counsel.

770

*Allan M. Fisher, Elton L. Marshall, Douglas Stripp* and *Livingood & Wrightman* for respondent Archer K. Frank, executor; *Watson, Ess, Groner, Barnett & Whittaker* of counsel.

772

 DALTON, C.—Action for $60,000 damages for personal injuries alleged to have been sustained on account of the negligence of defendants. The trial court sustained pleas in abatement and dismissed plaintiff's petition. Plaintiff has appealed.

On October 17, 1932, plaintiff filed her petition in the circuit court of Jackson County against Walton C. Frank, as sole defendant, alleging that he was the owner of an apartment building in Kansas City, Missouri; that she was a tenant therein; that steps for the common use of the tenants of said building were negligently maintained; and that by reason thereof plaintiff was caused to fall and be injured to her damage in the sum of $60,000, for which sum she prayed judgment against the defendant. Summons was issued to the sheriff of Jackson County and a non est return made on November 14, 1932. On April 11, 1933, an affidavit in attachment on the alleged ground that defendant was a non-resident of the state was filed and a levy made on described real estate alleged to be owned by defendant. A transcript of levy was filed and a further non est return made May 8, 1933. Substantially the same procedure was repeated on March 20, 1935 and October 16, 1935 with non est returns on May 13, 1935 and November 11, 1935. No orders of publication were issued or advertised and no further action taken with reference to the several levies.

On November 19, 1936 defendant died at his home in Nodaway County and, thereafter, Archer K. Frank was, by the Probate Court of Nodaway County, appointed executor of the estate of Walton C. Frank, deceased.

On March 18, 1937 plaintiff suggested the death of defendant and moved for issuance of scire facias to revive the cause by substituting Archer K. Frank, executor, as party defendant. A conditional order of revivor was made, and, on March 20, 1937, scire facias was served in Nodaway County on Archer K. Frank, as executor. On May 13, 1937 defendant, Archer K. Frank, executor, filed a plea in abatement, objected to revival of the action and denied generally the allegations of the petition for the order of revival.

On July 29, 1937 plaintiff filed an amended petition adding Shryock Realty Company, a corporation as a party defendant. Plaintiff alleged that the corporation controlled the apartment building as rental ▓▓▓▓ agent for Walton C. Frank. Summons was issued to the sheriff of Nodaway County and served upon Archer K. Frank, executor of the estate of Walton C. Frank, deceased. An alias summons was issued to the sheriff of Jackson County for Shryock Realty Company and service was had August 2, 1937. Thereafter, both defendants filed pleas in abatement and to the jurisdiction, which the trial court heard and sustained. Judgment was entered October 13, 1943.

The court found that plaintiff was at all times a resident of Jackson County; that Walton C. Frank had never resided in Jackson County, but was a resident of Nodaway County; that the administration of the estate was pending in the Probate Court of Nodaway County, where the executor resided; that Walton C. Frank was never found or served with process in Jackson County; and that he did not waive process or enter his appearance. The court held that plaintiff's cause of action abated upon the death of the sole defendant; that no lawful order of revivor could be made; that the subsequent filing of the amended petition and the issuance of summons and service upon defendants Shryock Realty Company and Archer K. Frank, executor, was without force and effect; and that the court had obtained no jurisdiction of the new defendants and was without jurisdiction to proceed in the cause. Other facts will be stated in the course of the opinion.

Appellant contends (1) that, at the time of the death of Walton C. Frank, her action had been "commenced" and was "pending" within the meaning of the revival statutes; (2) that she was legally entitled to have the cause revived against the executor of the estate of Walton C. Frank, deceased; (3) that she could legally amend her petition to add an additional party defendant, towit, Shryock Realty Company; (4) that Shryock Realty Company and Archer K. Frank, executor, "entered" their general appearance in the cause; and (5) that the judgment sustaining the pleas in abatement was erroneous and void because the issues had been previously ruled to the contrary and, therefore, were res adjudicata.

▓▓▓ Section 871, R. S. 1939, with reference to the place of bringing actions, provides that "Suits instituted by summons shall, except as otherwise provided by law, be brought: First, when the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found . . . ."

Section 876, R. S. 1939, with reference to the commencement of actions, provides that "The filing of a petition in a court of record, . . . and suing out of process therein, shall be taken and deemed the commencement of a suit."

Section 3670, R. S. 1939, with reference to survival of actions provides that "Causes of action upon which suit has been or may hereafter be brought by the injured party for personal injuries, other than those resulting in death, whether such injuries be to the health or to the person of the injured party, shall not abate . . . by reason of the death of the person against whom such cause of action shall have accrued; but . . . such cause of action shall survive . . ."

Sections 1042, 1044 and 1045, R. S. 1939 with reference to abatement and revival, while not expressly so providing, necessarily assume, we believe, that the venue of the action was proper and the court had jurisdiction at the time of the death. If the petition had been filed in a court where the action could not be maintained during the lifetime of the defendant and no jurisdiction had been obtained over him, it could hardly be assumed that all objections to venue and jurisdiction would be removed by defendant's death. Appellant's theory, however, is that, upon the death of the sole defendant, prior to any service of process upon him in the county of plaintiff's residence, the personal representative of the deceased defendant could, thereafter, be brought in from "any county in the state" by process "expressly" authorized under Section 1045, R. S. 1939.

In support of her contention that the action had been "brought" and was "pending" at the time of the death of Walton C. Frank, appellant cites many cases holding that a suit is properly commenced when the petition has been filed and summons has been issued; and that when a suit has been properly "commenced" it is pending until finally disposed of. In none of these cases, however, was venue an issue. In so far as appears, all of the cases were instituted in the proper counties.

Appellant further contends that her suit was properly "brought" in good faith in the county where the cause of action arose, where the plaintiff resided and where the sole defendant had valuable property and could reasonably be expected to come. In her reply brief appellant says "there is no issue of good faith," but if "there were such an issue . . . it should be resolved against respondents as a matter of law on this record." As stated, the petition alleged that the defendant was the owner of an apartment building in Jackson County and that the plaintiff was a tenant therein, and the record shows that the sheriff was at various times directed to levy an attachment on described tracts of real estate in Jackson County alleged to be owned by defendant. Respondents offered a number of witnesses who testified that defendant Walton C. Frank, from 1905 until his death, continuously maintained his residence and domicile in Maryville, Nodaway County, Missouri, and was associated with a dry goods firm in Maryville. There was no contrary testimony. No evidence was offered to show that Walton C. Frank had ever been in Jackson

County; that he "could reasonably be expected to come there"; or that he had knowledge of appellant's action prior to his death.

The evidence on the hearing of the pleas in abatement did not require the conclusion that defendant, Walton C. Frank, "could reasonably be expected to come" to Jackson County or that appellant could reasonably expect to obtain personal service upon him in Jackson County. Appellant concedes that, if the statute of limitations was involved, the burden would rest upon her to establish that she acted in good faith and on reasonable grounds in instituting her suit in Jackson County. Krueger v. Walters (Mo. App.), 179 S. W. (2d) 615, 618; Wente v. Shaver, 350 Mo. 1143, 169 S. W. (2d) 947, 953. Appellant assumes that Walton C. Frank "could reasonably be expected to come" to Jackson County where service could be had upon him and, on the basis of that assumption, argues that she acted in good faith and without negligence in filing her suit in Jackson County. If there was an issue of good faith, innocent mistake or negligence in filing the petition in Jackson County, or an issue as to reasonable grounds for believing that defendant could "be expected to come to Jackson County at frequent intervals" so that personal service could be had upon him in that county, then such issues of fact were necessarily determined against appellant by the judgment of the court sustaining the pleas in abatement. The trial court's finding on issues of fact may not be disturbed by this court unless clearly erroneous. Civil Code of Missouri, Sec. 114, Laws of Missouri 1943, p. 388. We think the issues mentioned were pertinent to and necessarily involved in a determination of whether or not a suit had been "brought" and was pending when the defendant died.

Appellant contends that the "action was properly and legally entitled to be revived against the administrator of the deceased defendant, Walton C. Frank." Appellant again assumes the action had been brought in good faith without negligence in the proper county and was "pending" against the sole defendant. Appellant argues that at the time of defendant's death "there had been no order or judgment of the court disposing of the case, hence it was then pending." While petition had been filed and summons issued in Jackson County, Walton C. Frank did not live in that county, he was never found in that county during the succeeding four years, he did not enter his appearance in the cause and the circuit court of that county had never obtained jurisdiction of him. The essential facts necessary to give the circuit court of the county of plaintiff's residence jurisdiction to proceed in the cause was, therefore, absent and death foreclosed the possibility of personal service upon defendant in that county.

Section 1042, R. S. 1939 provides that, "No action shall abate by the death . . . of a party, if the cause of action survive or continue." Whether the action survived, of course, depends in this case

upon whether suit had been "brought" by the injured party, within the meaning of Sec. 3670, R. S. 1939. If it was not so "brought," it abated with the death of the defendant. Heil v. Rule, 327 Mo. 84, 34 S. W. (2d) 90; Walker v. Ross (Mo. App.), 71 S. W. (2d) 124.

For a suit to have been "brought," within the meaning of Sec. 3670, it must have been filed and summons issued in the lifetime of the sole defendant, and filed in a court which had jurisdiction of the subject matter of the action and where the venue was such that the court could obtain jurisdiction of the defendant and could proceed, if the party defendant had not died. Since defendant Walton C. Frank was not served with process in Jackson County he could not have been forced to defend the action in Jackson County and the circumstances were not changed by his death so as to impose such duty on his executor by service of scire facias upon the executor in Nodaway County. "There is a definite distinction between the time of the commencement of a suit and the time that the court acquires jurisdiction of the suit." State ex rel. Nicholson v. McLaughlin (Mo. App.), 170 S. W. (2d) 705, 706. "The filing of a petition without service of summons or voluntary appearance of adverse party does not confer jurisdiction." State ex rel. Angold v. Utz (Mo. App.), 236 S. W. 386, 387. It is clear that appellant could at no time have proceeded with her cause in the circuit court of Jackson County without service of process upon defendant Walton C. Frank in that county.

While the question of whether or not a suit has been "brought" has many times been raised with reference to tolling the statute of limitations, we do not find that it has been raised with reference to survival where no service was had on the defendant before his death and where he was not a resident of and not found in the county where suit was instituted. In cases involving the statute of limitations, the "suing out of process" has been held to mean "valid process issuing out of a court having jurisdiction not only of the subject matter of the suit, but which court can and does also acquire jurisdiction of the defendant." Mertens v. McMahon (Mo. App.), 115 S. W. (2d) 180, 183.

In the case of Conrad v. McCall, 205 Mo. App. 640, 226 S. W. 265, 266, the court said: "Where the court has acquired no jurisdiction of the named defendant and is powerless to do anything, except perhaps to clear its docket of a pretended case not properly before the court, it can hardly be said that there is a pending case. . . . If the plaintiff knows that the court in which he files his petition has no jurisdiction of the subject matter of the suit or cannot acquire compulsory jurisdiction of the person of the defendant, then the issuance of a summons is a futile thing and cannot breathe life into the action. It is true that the defendant might have voluntarily appeared and thereby conferred jurisdiction on the Newton County Court. Or, as the suit was brought in the county of plaintiff's resi-

dence, perchance, the defendant residing in a neighboring county might be 'found' in plaintiff's county and served there. . . . But when so vital a thing as the statute of limitations is involved, we think that the plaintiff should be held to act at his peril in attempting to acquire jurisdiction in that way. As said in the Reed case, supra (White v. Reed, 60 Mo. App. 380), the act or acts which are relied on for the commencement of the action 'must be done in good faith for the real unconditional purpose of beginning an action' and not merely trusting to good luck.''

Appellant insists that, in any event, the action did not abate immediately upon the death of the sole defendant, but was pending and alive when the amended petition was filed; and that the subsequent issuance and service of process on respondents give the court full jurisdiction to proceed. Appellant again assumes that the action was properly filed in good faith in Jackson County and that the circuit court of that county had jurisdiction of the subject matter and of the person of defendant at the time of defendant's death and, therefore, that the action did not abate, until suggestion of death was made and until three terms of court had passed after suggestion of death without a motion for revivor. Carter v. Burns, 332 Mo. 1128, 61 S. W. (2d) 933, 938; State ex rel. Fidelity National Bank v. Buzard, 351 Mo. 746, 173 S. W. (2d) 915, 919. The cases cited are not applicable because the appellant's action was not instituted in a county where defendant could be found and no service of process could be or was served upon him in Jackson County and it was not shown to the satisfaction of the trier of fact that the action was brought in good faith and on reasonable grounds to believe that valid service of process could be obtained in Jackson County. No valid action was ever brought. The action attempted was no action. The court was without jurisdiction over defendant in his lifetime and the cause abated upon his death. Appellant was not entitled to file an amended petition or to add an additional party defendant. The service of scire facias upon the executor in Nodaway County, where the administration of the estate of deceased was pending, and the subsequent issuance and service of summons on the executor in Nodaway County, gave the court no jurisdiction to revive the action against the estate or to proceed with the cause. By instituting the action in the county of her own residence and where defendant did not reside, plaintiff merely took a chance of obtaining service of process upon defendant in that county and thereby vesting jurisdiction in the circuit of that county, but jurisdiction was not vested when defendant died. The court was without jurisdiction to do more than dismiss the cause or strike it from the ▪ docket. The court did not err in sustaining the pleas in abatement, unless by reason of other matters the judgment was erroneous.

■ Did either Shryock Realty Company or Archer K. Frank, executor, enter their general appearance in the cause? Appellant insists that "both parties defendant entered their general appearance by requesting and obtaining continuances, and permission to plead out of time," and "by filing motions attacking the jurisdiction of the court over the subject matter and merits of the action."

In so far as respondent Archer K. Frank, executor, is concerned it is wholly immaterial whether he entered his general appearance or not because, the cause having abated upon the death of the defendant Walton C. Frank, the court had no jurisdiction of the subject matter of the action and such jurisdiction could not be waived or conferred by consent. State ex rel. Lambert v. Flynn, 348 Mo. 525, 154 S. W. (2d) 52, 57. The executor had no power to consent to or waive the abatement of the cause of action any more than he could waive the statute of non claim. Sec. 182, R. S. 1939; State ex rel. Dean v. Daues, 321 Mo. 1126, 14 S. W. (2d) 990, 997; Cape Girardeau County v. Harbison, 58 Mo. 90, 94; Madison County Bank v. Suman's Admr., 79 Mo. 527, 532; Bambrick v. Bambrick, 157 Mo. 423, 436, 58 S. W. 8; Bank of Skidmore v. Bartram (Mo. App.), 142 S. W. (2d) 657, 659.

■ Did the other defendant enter its appearance? On September 15, 1937 Shryock Realty Company filed its motion to strike plaintiff's amended petition and to quash the issuance and return of summons. It alleged that the court had never acquired jurisdiction over the person of Walton C. Frank or over the subject matter of the suit; that the court had no jurisdiction over the executor; that the "action was not legally commenced or brought"; and that it had not been revived and was not subject to revival. The grounds of the motion were that, prior to any revival of the original cause, the amended petition was filed and summons issued; that the filing of the amended petition, prior to any revival of the cause, was without force or effect and was insufficient to justify the issuance of process; and that, since plaintiff by the amended petition was attempting to substitute a cause of action against Shryock Realty Company for her original cause against the deceased defendant, and the substituted cause was a departure from the cause alleged in her original petition. Appellant insists that "such allegations struck at the jurisdiction of the court over the subject matter and involved the merits of the action," and constituted an entrance of general appearance. The motion sought a ruling upon the face of the record that no valid amended petition had been filed and no legal summons had been issued or service of process obtained. The motion to strike was overruled on September 21, 1937 and, thereafter, the said defendant was "given 20 days to apply for a writ of prohibition." On January 28, 1936 the said defendant was permitted to amend its plea to the jurisdiction and plea in abatement by interlineation. On November 13, 1942, it was permitted to file an amended answer "by way of plea to jurisdiction

and plea to abatement.'' Appellant considers that these, and other similar orders, establish that Shryock Realty Company ''requested continuances and extensions of time to plead'' whereby it entered its general appearance, fully submitted itself to the jurisdiction of the court and waived all objections to jurisdiction. The record does not show any request for a continuance or any act or conduct constituting an entrance of appearance. The matters not appearing upon the face of the petition were properly raised in the answer. Sec. 926, R. S. 1939. The trial court found that the ''Shryock Realty Company from the outset and at all times has objected to the jurisdiction of this court,'' and the record fully sustains that finding. The assignment is overruled.

 Was the judgment erroneous on the theory that the issues presented by the pleas in abatement were res adjudicata? As stated, the motion of Shryock Realty Company to strike plaintiff's first amended petition and to quash the issuance and return of summons was overruled. Thereafter, Shryock Realty Company filed its plea to the jurisdiction and plea in abatement, reincorporating the matters stated in its overruled motion to strike. Appellant then moved to strike from the files the plea to the jurisdiction and plea in abatement on the ground that all of the matters presented had been ruled adversely to Shryock Realty Company and, further, that the pleading was not an answer, demurrer or other pleading known to the law. Shryock Realty Company then amended its plea by interlineation so as to deny generally the allegations of the amended petition and to designate its pleading as an answer and plea to the jurisdiction and in abatement. Appellant then moved to strike, as res adjudicata, the parts of the answer setting up the facts relied upon to support the plea to the jurisdiction and in abatement. The motion was sustained. Thereafter, the Shryock Realty Company filed its amended answer, including a plea to the jurisdiction and in abatement, and reinserted the matters previously stricken out on motion. Appellant again moved to strike out these matters as res adjudicata. This motion to strike was taken with the case and was denied, when the plea in abatement was sustained.

Archer K. Frank, executor, had also filed a motion to strike plaintiff's amended petition and had moved for judgment on his plea in abatement, and both had been overruled before he filed his amended answer, which included the plea to the jurisdiction and in abatement. Appellant in her reply to the answer of defendant Archer K. Frank, executor, pleaded the prior rulings as res adjudicata and it was invoked only as respects ''the question of the court's jurisdiction of the person of Archer K. Frank.'' It was not alleged that the issue of abatement had been adjudicated. In the hearing on the plea in abatement, all of the pleadings and the orders of court were admitted without objection.

Appellant contends that, since the matters raised by the plea in abatement in the amended answer had twice previously been ruled against Shryock Realty Company and no appeals taken, the prior rulings were final and conclusive and the last ruling, against appellant, was erroneous. Appellant says Shryock Realty Company had three trials on the same matter and Archer K. Frank, executor, two trials and they were not entitled to continue to try the same issues until they found a court which would agree with them.

It will be noted that the motions to strike the amended petition were ruled on the record proper without a hearing of evidence. The second motion of appellant to strike parts of Shryock Realty Company's answer was ruled on the face of the record. The issues of fact to sustain the allegations of the plea in abatement in the amended answer were tried only once. Evidence was offered to sustain the allegations of fact not shown by the record. Only one judgment on the merits of the matters stated in the plea in abatement was entered. The previous rulings on Shryock Realty Company's motion to strike plaintiff's amended petition and the ruling on appellant's motion to strike out parts of Shryock Realty Company's answer were not res adjudicata of the issues of fact and law presented in the hearing on the merits of the plea in abatement contained in the amended answer of Shryock Realty Company. Neither were the previous rulings on the motion of Archer K. Frank, executor, res adjudicata. The doctrine of res adjudicata was not applicable so as to prohibit a different judge of the same court from exercising his discretion, permitting an amendment of the answers, hearing evidence, further considering the same matters and reaching the conclusion and judgment appealed from. State ex rel. Mueller Furnace Company v. Buckner, 207 Mo. App. 48, 229 S. W. 392, 393; Rolleg v. Lofton (Mo. App.), 230 S. W. 330; State ex inf. McKittrick v. Wiley, 349 Mo. 239, 160 S. W. (2d) 677, 684. See, also, Rice v. Van Why, 49 Colo. 7, 111 Pac. 599, 601; Follmer v. State, 94 Neb. 217, 142 N. W. 908, 909; State ex rel. Williams Coal Co. v. Duncan, 211 Ind. 203, 6 N. E. (2d) 342, 343; 14 Enc. Pl. & Pr. (Motions) p. 176; 34 C. J. 765, Sec. 1178; 34 C. J. 884, Sec. 1292; 37 Am. Jur., Motions, Rules and Orders, Secs. 19 and 34.

The judgment is affirmed. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.